UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                     Case No. 3:13-bk-5259-PMG

Willie F. Brantley, Jr.,
Rebecca J. Brantley,

                      Debtors.                          Chapter 7

Willie F. Brantley, Jr.,
Rebecca J. Brantley,

                      Plaintiffs,

vs.                                                                        Adv. No. 3:13-ap-500-PMG

The Bank of New York Mellon,
Bank of America, N.A. as successor
to Countrywide Bank, N.A.,
Mortgage Electronic Registration Systems, Inc.,

                      Defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND MEMORANDUM OPINION

**THIS CASE** came before the Court for a final evidentiary hearing in this adversary proceeding.

In this proceeding, the Debtors seek to "strip off" a second mortgage from their homestead real property. The Debtors and the Defendant agree that the amount owed on the first mortgage is greater than the value of the property.

1

In the Eleventh Circuit, a Chapter 7 debtor may "strip off" a second lien on his homestead pursuant to §506 of the Bankruptcy Code, if the amount of the first lien exceeds the value of the property. In this case, therefore, a judgment should be entered avoiding the wholly-unsecured second mortgage of the Defendant on the Debtors' homestead property.

**A. Chapter 7 case**

The Debtors, Willie F. Brantley, Jr. and Rebecca J. Brantley, filed a petition under Chapter 7 of the Bankruptcy Code on August 29, 2013.

On their schedule of assets filed with the petition, the Debtors listed their homestead real property located at 258 Cezanne Circle, Ponte Vedra, Florida (the Property), with a scheduled value of $148,263.00.

On their schedule of creditors holding secured claims, the Debtors listed Bank of America, N.A. as holding a first mortgage on the Property in the amount of $204,405.00, and a second mortgage on the Property in the amount of $47,841.00.

The Property was claimed as exempt homestead property pursuant to article X, §4(a)(1) of the Florida Constitution.

On December 11, 2013, the Debtors received their Chapter 7 Discharge.

**B. Complaint**

On October 15, 2013, the Debtors filed a Complaint to Determine Validity, Extent and Priority of Secured Claim. In the Complaint, the Debtors "seek to extinguish or 'strip off' the present second mortgage lien" on the Property, "because the value of the property is less than the balance due on the first mortgage lien." (Doc. 1, ¶ 9). The Complaint is brought pursuant to §506(a) and (d) of the Bankruptcy Code.

2

The Defendant acknowledges that the amount owing on the first mortgage exceeds the fair market value of the property. (Doc. 3, ¶ 9; Doc. 8, p. 3; Transcript, pp. 4-5).

**C. Conclusion**

In In re McNeal, 735 F.3d 1263 (11th Cir. 2012), the Eleventh Circuit Court of Appeals determined that a Chapter 7 debtor is permitted to "strip off" a second priority lien on his homestead pursuant to §506(a) and (d), if the first priority lien exceeds the value of the property.

The decision in McNeal is binding precedent in the Eleventh Circuit, unless it is overruled *en banc* or by the Supreme Court of the United States. In re Bello, 2014 WL 1492738 (11th Cir. April 17, 2014).

Accordingly:

**IT IS ORDERED** that:

1. The second mortgage of the Defendant, Bank of America, N.A., on the real property located at 258 Cezanne Circle, Ponte Vedra, Florida, 32801, is avoided.

2. A separate Final Judgment in favor of the Debtors, Willie F. Brantley, Jr. and Rebecca J. Brantley, and against the Defendant, Bank of America, N.A., shall be entered consistent with this Opinion.

DATED this 6 day of May, 2014.

**BY THE COURT**

PAUL M. GLENN
United States Bankruptcy Judge